UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHELLE BROWN,

                        Plaintiff,

                                                                             DECISION AND ORDER

                                                                             18-CV-6185L

                        v.

ANDREW SAUL,
Commissioner of Social Security,

                        Defendant.
_____

Plaintiff appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On May 14, 2014, plaintiff filed an application for supplemental security income benefits under Title II of the Social Security Act, alleging a disability onset date of March 1, 2014. Her application was initially denied. (Administrative Transcript, Dkt. #7 at 21). Plaintiff requested a hearing, which was held on October 20, 2016 before Administrative Law Judge ("ALJ") Brian Kane. (Dkt. #7 at 21-28). The ALJ issued a decision on December 13, 2016, finding that plaintiff was not disabled under the Social Security Act. *Id.* That decision became the final decision of the Commissioner when the Appeals Council denied review on January 4, 2018 (T. 1-4).

Plaintiff has moved (Dkt. #9) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c), requesting remand of the matter for additional development of the record. The Commissioner has cross moved (Dkt. #12) pursuant to Fed. R. Civ. Proc. 12(c) for judgment on

the pleadings. For the reasons that follow, the Commissioner's motion is denied, plaintiff's motion is granted, and the matter is remanded for further proceedings.

## DISCUSSION

I.  **Standard of Review**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

II. **Issues on Appeal**

The ALJ's decision stated the findings supporting his decision in great detail, and carefully followed the required five-step analysis. However, upon review, I find that the record upon which his decision was based was insufficient to render a decision, and as such, the matter must be remanded to develop a more complete record.

The record in this case is sparse with respect to objective assessments of plaintiff's hand and wrist function and/or general exertional abilities, despite the fact that the severe impairments identified by the ALJ were bilateral carpal tunnel syndrome (status-post left carpal tunnel release), and obesity. (Dkt. #7 at 23). The ALJ nonetheless found that plaintiff retained the residual functional capacity ("RFC") to perform light work, with no more than occasional use of the bilateral upper extremities. (Dkt. #7 at 25). When presented with this RFC at the hearing, vocational expert Peter A. Manzi testified that such an individual could perform the positions of photo counter clerk and furniture rental clerk. (Dkt. #7 at 28).

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). *See also Burger v. Astrue*, 2008 U.S. App. LEXIS 13638 at *4 (2d Cir. 2008). Here, the record contains no opinions from any of plaintiff's treating sources, and her treatment records do not contain any regular, objective assessments of her functional capacity.

Furthermore, the only consultative opinion of record, by examining physician Dr. Harbinder Toor, was rendered less than two months after plaintiff's carpal tunnel release surgery, before she had completely recovered: indeed, Dr. Toor explicitly noted that plaintiff "has had recent surgery in the left hand" and suggested that she "can be evaluated [again] in the next few months after complete recovery." (Dkt. #7 at 567-70). While the ALJ did not err in declining to give Dr. Toor's opinion "any significant weight" due to its proximity to plaintiff's surgery (Dkt. #7 at 26), once Dr. Toor's opinion was discounted there remained no evidence of record that purported to assess plaintiff's exertional abilities, particularly with respect to her wrists, hands and fingers. Moreover, it does not appear that the ALJ made any request for plaintiff to be re-evaluated by Dr. Toor after she had recovered.

At the very least, the ALJ "should have sought a conclusive determination from a[n additional] medical consultant," in light of the absence of other evidence in the record by treating or examining sources specific to plaintiff's limitations during the relevant period. *Falcon v. Apfel*, 88 F. Supp. 2d 87, 90 (W.D.N.Y. 2000). *See generally* 20 C.F.R. §404.1519a(b)(4) (an ALJ must order a consultative examination when a "conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved"). Failure to obtain a valid consultative

3

examination when necessary is reversible error.[1]

Based on the foregoing, I believe the ALJ failed to adequately develop the record, and that the matter must be remanded for further proceedings.

## CONCLUSION

The plaintiff's motion for remand (Dkt. #9) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied. The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further proceedings. Upon remand, the Commissioner is instructed to request opinion evidence from plaintiff's treating physicians, and/or to order consultative examinations and obtain additional records as appropriate, and to redetermine plaintiff's disability status upon a full and complete record.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 2, 2019.

---

[1] While it is well settled that "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment," *House v. Astrue*, 2013 U.S. Dist. LEXIS 13695 at *10 (N.D.N.Y. 2013), such is not the case here, since the ALJ determined that plaintiff's impairments of carpal tunnel syndrome and obesity were "severe."